### GEORGE T. RICE, appellant from a decree of the Judge of Insolvency.

It is the duty of the judge of insolvency, at the third meeting of the creditors of an insolvent debtor, to determine the right of the latter to a discharge, although it is not specially applied for; and if such a determination has been formally made, the authority and jurisdiction of the judge of insolvency are thereby exhausted, and the only remedy of a party aggrieved is by an appeal within ten days, under Gen. Sts. c. 118, § 85, or an application to this court, under Gen. Sts. c. 118, § 16.

If, after the death of one of the members of a firm, the surviving partner institutes proceedings in insolvency, setting forth in his petition that he is insolvent both as an individual and as the surviving member of the late firm, a certificate of discharge which on its face is expressly limited to his individual debts will include the debts which he owes as surviving partner.

APPEAL from a decision of the judge of insolvency, refusing the discharge of an insolvent debtor from his debts, as surviving partner of a late firm of which he was a member.

It was agreed that the appellant, Rice, in his original petition, dated November 28, 1861, represented that he was "individually and as surviving partner of the late firm of Fox & Rice, composed of himself and William B. Fox, deceased," insolvent; that the firm was dissolved in February 1861, and Fox died in the following August; that he duly took the oath prescribed for insolvent debtors, at the second meeting; that he duly filed an assent to the granting of a certificate of discharge, signed by a majority in number and value of all the creditors who had proved claims, and also of his separate creditors, but not a majority in number and value of his partnership creditors; that there were no partnership assets; that at an adjourned third meeting the judge passed a formal decree that a discharge from his individual debts should be granted to him, and a certificate of discharge was accordingly signed, setting forth that he was discharged "from all his individual debts which have been or shall be proved against his estate, and from all debts which are provable against his separate estate;" and that no application was made for this discharge, or for the decree granting it, except so far as the same would be inferred from the proceedings in the case, and he

had no knowledge thereof, and declines to accept the same, and on the 26th of December 1862 requested another meeting to be called, which was done, and the same was held on the 13th of January 1863, when he presented a petition for a discharge from his debts as surviving partner, which petition was denied, for the reason that a majority in number and value of the creditors of the late firm had not assented thereto. From this decree Rice appealed to this court, where the decree was affirmed; and he appealed to the whole court.

*D. Foster & T. L. Nelson*, for the appellant, cited Gen. Sts. c. 118, § 75; *Sigourney* v. *Williams*, 1 Gray, 624; *Gates* v. *Mack*, 5 Cush. 613; *Wall* v. *Balcom*, 9 Gray, 92; *Sparhawk* v. *Russell*, 10 Met. 305; *Lothrop* v. *Tilden*, 8 Cush. 375; *Baker's case*, 8 Cush. 109; *Hanson* v. *Paige*, 3 Gray, 239; *Greenway* v. *Fisher*, 7 B. & C. 436; *Bamford* v. *Burrell*, 2 B. & P. 11; *Ex parte Yale*, 3 P. W. 24; *Twiss* v. *Massey*, 1 Atk. 67; *Ex parte Simpson*, Ib. 138; Deacon on Bank. 645, 653; 1 Mont. & Ayrt. Bankruptcy Pr. 492.

*F. H. Dewey*, for the creditors, cited, in addition to some of the above cases, *Howe* v. *Lawrence*, 9 Cush. 558; *Somerset Potters' Works* v. *Minot*, 10 Cush. 601; *Harmon* v. *Clark*, 13 Gray, 114.

BIGELOW, C. J. We think it entirely clear that the question of the right of the petitioner to a discharge different from that which was granted to him by the judge of insolvency is not properly before us for adjudication upon this appeal. By Gen. Sts. c. 118, § 75, it is made the duty of the judge of insolvency at the third meeting of the creditors or some meeting thereafter to determine on the right of the debtor to receive his discharge. The performance of this duty is not optional with the judge before whom the proceedings are pending, nor is it made dependent on a special application to him by the debtor. It is a part of the regular course of proceedings, comprehended within the legitimate scope of the petition by which they are commenced, in like manner and to the same effect as the calling of meetings of the creditors, the appointment of an assignee, the making of an assignment, or any other act which is necessary or proper in

the due course of settling the estate of an insolvent debtor and distributing his assets among his creditors in pursuance of the provisions of the statute. It appears by the agreed statement of facts that this duty was fully performed by the judge at the third meeting of the creditors of the appellant. The subject matter of his discharge was then fully considered and determined. By a formal adjudication such a discharge was then granted to the appellant as the judge in the exercise of his judicial discretion and judgment deemed to be legal and proper. By this determination, the jurisdiction and authority of the judge was exhausted, and the remedy for the debtor, if he felt aggrieved, was to appeal, in pursuance of § 85, within ten days after the decision was made. This the appellant did not do. Having omitted to do so, he has lost his remedy in this form. He cannot, by filing a petition asking for another and different discharge, revive or renew the jurisdiction of the judge of insolvency over a subject matter which must be deemed, so far as his authority is concerned, to have passed *in rem adjudicatam.* If the appellant was really aggrieved by the form in which his discharge was granted to him, his remedy, if any, would be an application to this court under Gen. Sts. *c.* 118, § 16.

But as the legal force and effect of the appellant's discharge have been fully discussed before us by the learned counsel for the respective parties, we have taken the subject into consideration and arrived at a conclusion which, to save further trouble and expense, we proceed to state. At common law, the death of one of two joint contractors severs the promise and renders the survivor liable thereon, as on his several promise. In such case, the survivor only can be sued on the contract, and the executor or administrator of the deceased party, if sued, may plead the survivorship in bar, or give it in evidence on a trial of the merits. 1 Chit. Pl. (6th ed.) 50. *Foster* v. *Hooper*, 2 Mass. 572. *Burnside* v. *Merrick*, 4 Met. 537, 544.

To a certain extent, this rule of the common law has been changed in this commonwealth. By *St.* 1799, *c.* 57, reënacted in Rev. Sts. *c.* 66, § 27, and Gen. Sts. *c.* 97, § 28, it is provided that where two or more persons are indebted in a joint contract,

and either of them dies, his estate shall be liable therefor as if the contract had been joint and several. But it is obvious from the terms in which this enactment is expressed that it does not affect the rule of the common law, which renders the survivor severally liable on a joint contract, after the decease of his co-contractor. This rule still remains in full force. It is true that provision is now made by statute, that in the settlement of the estates of insolvent debtors, as well those who are living as those whose estates are rendered insolvent after their decease, the assets shall be so marshalled that partnership property shall be applied to the payment of joint debts and the separate property to the payment of the individual debts. But this equitable rule, adopted for the purpose of securing a more just appropriation of joint and separate assets among the two classes of creditors, does not operate to change the nature of the indebtment or prevent the severance of a joint promise by the death of one of the promisors. The survivor is still liable thereon as on his several debt at common law. It follows, that the discharge of the appellant, as granted to him by the judge of insolvency, was a good and valid discharge from the debts which he owed as surviving copartner, as well as from those which were due from him on contracts into which he had individually entered.